IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

BECKLEY DIVISION

| | |
|---|---|
| WILLIE FULTON, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | Civil Action No. 5:06-0010 |
| ) | |
| TODD R. CRAIG,[1] ) | |
| Warden, FCI Beckley, ) | |
| ) | |
| Respondent. ) | |

## PROPOSED FINDINGS AND RECOMMENDATION

Pending are Petitioner's Application to Proceed *in Forma Pauperis* (Document No. 2.) and Application Under 28 U.S.C. § 2241 for Writ of *Habeas Corpus* by a Person in State or Federal Custody.[2] (Document No. 1.) By Standing Order, this matter was referred to the undersigned United States Magistrate Judge for the submission of proposed findings of fact and a recommendation for disposition pursuant to 28 U.S.C. § 636(b)(1)(B). (Document No. 3.)

## FACTUAL BACKGROUND

On June 28, 2001, Petitioner pled guilty in the United States District Court for the Southern District of Florida to the offense of "conspiracy to possess with the intent to distribute greater than five grams of cocaine base" in violation of 21 U.S.C. § 846. (Document No. 1.); United States v. Fulton,

---

[1] When Petitioner filed this civil action, Charles T. Felts was serving as the Warden of FCI Beckley. Todd R. Craig, however, has since been designated as the Warden. Accordingly, pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, Todd R. Craig is substituted as the party Respondent in this civil action.

[2] Because Petitioner is acting *pro se*, the documents which he has filed are held to a less stringent standard than if they were prepared by a lawyer and therefore construed liberally. *See Haines v. Kerner*, 404 U.S. 519, 520-21, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972).

Criminal Case No. 2:00-14080 (S.D. Fla. Oct. 29, 2001). On October 29, 2001, the District Court sentenced Petitioner to an 84-month term of imprisonment to be followed by a five year term of supervised release. United States v. Fulton, Criminal Case No. 2:00-14080, Document No. 66. The District Court directed that Petitioner's sentence run concurrently with the sentence imposed by the State of Florida in Case No. 99-81-CR. Id. The District Court also imposed a special assessment of $100.00. Id. Petitioner did not appeal his sentence or conviction. (Document No. 1.) On December 27, 2007, Petitioner was released from custody and his term of supervised release commenced.[3] It appears from the record in Criminal No. 2:00-14080 that Petitioner's term of supervised release was revoked on September 23, 2008.[4] United States v. Fulton, Criminal Case No. 2:00-14080, Document No. 103.

On January 5, 2006, Petitioner filed the instant Petition Under 28 U.S.C. § 2241 for Writ of *Habeas Corpus* by a Person in State or Federal Custody. (Document No. 1.) As grounds for claiming entitlement to relief under Section 2241, Petitioner states as follows:

1. Federal Bureau of Prisons unlawfully denied jail credit for time served in custody in State and Federal facilities.

2. Federal Bureau of Prisons unlawfully denied "good time" credit for jail credit for time spent in custody for time served in State and Federal facilities.

3. Federal Bureau of Prisons unlawfully and in error failed to properly calculate sentence.

---

[3] The Bureau of Prisons' Inmate Locator indicates that Petitioner was released from custody on December 27, 2007.

[4] The District Court for the Southern District of Florida revoked Petitioner's supervised release and ordered that "Defendant is committed to the Bureau of Prisons for a term of 18 months. No supervision shall follow. Defendant shall surrender to the U.S. Marshal in Ft. Pierce by 3:00 p.m. on October 3, 2008." *United States v. Fulton*, Criminal Case No. 2:00-14080, Document No. 103.

(Id., p. 7.) Petitioner acknowledges that he did not fully exhaust his administrative remedies concerning the above claims. (Id., p. 5.) Specifically, Petitioner states that he failed to exhaust his administrative remedies because he "was informed by administration at Beckley FCI that they did not have authority to grant relief sought and all administrative remedies would be denied." (Id.)

## ANALYSIS

The undersigned finds that Petitioner's Section 2241 Application must be dismissed as moot. Article III, Section 2 of the United States Constitution provides that federal courts may adjudicate only live cases or controversies. See Lewis v. Continental Bank Corp., 494 U.S. 472, 477, 110 S.Ct. 1249, 1253, 108 L.Ed.2d 400 (1990); Nakell v. Attorney General of North Carolina, 15 F.3d 319, 322 (4th Cir.), cert. denied, 513 U.S. 866, 115 S.Ct. 184, 130 L.Ed.2d 118 (1994). This means that the "litigant must have suffered, or be threatened with, an actual injury traceable to the defendant and likely to be redressed by a favorable judicial decision." Id. The undersigned notes that Petitioner was released from custody and his term of supervised release commenced on December 27, 2007. Even if Petitioner served more time in prison than he should have due to the Bureau of Prisons' incorrect calculations, "[t]he objectives of supervised release would be unfulfilled if excess prison time were to offset and reduce terms of supervised release." United States v. Johnson, 529 U.S. 53, 59, 120 S.Ct. 1114, 1118, 146 L.Ed.2d 39 (2000). Accordingly, assuming that Petitioner is correct and he actually did serve more time in custody than he should have, there would be no collateral consequence as he serves his term of supervised release under 18 U.S.C. § 3624. Petitioner's term of supervised release cannot be reduced. Petitioner's Section 2241 Petition should therefore be

dismissed as moot. See Porter v. United States, 2004 WL 3899008 (D.S.C.).[5]

## PROPOSAL AND RECOMMENDATION

The undersigned hereby respectfully **PROPOSES** that the District Court confirm and accept the foregoing findings and **RECOMMENDS**, that the District Court **DENY** Petitioner's Application to Proceed *in Forma Pauperis* (Document No. 2.), **DISMISS as moot** Petitioner's Section 2241 Application (Document No. 1.), and remove this matter from the Court's docket.

Petitioner is hereby notified that this "Proposed Findings and Recommendation" is hereby **FILED**, and a copy will be submitted to the Honorable United States District Judge Thomas E. Johnston. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Rule 6(e) and 72(b), Federal Rules of Civil Procedure, Petitioner shall have thirteen days (ten days, filing of objections and three days, mailing/service) from the date of filing of this Proposed Findings and Recommendation within which to file with the Clerk of this Court specific written objections identifying the portions of the Findings and Recommendation to which objection is made and the basis of such objection. Extension of this time period may be granted for good cause.

Failure to file written objections as set forth above shall constitute a waiver of *de novo* review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. Snyder v. Ridenour, 889 F.2d 1363, 1366 (4th Cir. 1989); Thomas v. Arn, 474 U.S. 140, 155, 106 S.Ct. 466, 475, 88 L.Ed.2d 435 (1985); Wright v. Collins, 766 F.2d 841, 846 (4th Cir. 1985); United

---

[5] The undersigned further notes that it does not appear that Petitioner exhausted administrative grievance procedures before filing his Petition. Federal prisoners challenging the execution of their sentence must exhaust administrative remedies prior to seeking *habeas* review under 28 U.S.C. § 2241. *See Pelissero v. Thompson*, 170 F.3d 442, 445 (4th Cir. 1999); *Fuller v. Rich*, 11 F.3d 61, 62 (5th Cir. 1994). Petitioner indicates in his Section 2241 Petition that he did not challenge the Bureau of Prisons' calculation of his period of incarceration through the available administrative grievance procedures. (Document No. 1, p. 5.)

States v. Schronce, 727 F.2d 91, 94 (4th Cir.) cert. denied, 467 U.S. 1208, 104 S.Ct. 2395, 81 L.Ed.2d 352 (1984). Copies of such objections shall be served on opposing parties, District Judge Johnston, and this Magistrate Judge.

The Clerk of this Court is directed to file this "Proposed Findings and Recommendation" and to mail a copy of the same to Petitioner.

Date: December 19, 2008.

R. Clarke VanDervort
United States Magistrate Judge